[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-10242; 19-10256
Non-Argument Calendar
_____

Agency Nos. A206-915-669; A206-915-670

NOEMI SERRANO GARCIA,
JAYDEN ZURIEL ORTIZ SERRANO,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petitions for Review of a Decision of the
Board of Immigration Appeals
_____

Before WILSON, ANDERSON and MARCUS, Circuit Judges.

PER CURIAM:

Noemi Serrano Garcia ("Serrano") and her minor child, Jayden Ortiz Serrano ("Ortiz") (collectively, the "Petitioners") appeal from the Board of Immigration Appeals' ("BIA") order that affirms the denial of their application for asylum, withholding of removal, and relief under the United Nations Convention Against

Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"), and that denies their motion to remand for lack of subject-matter jurisdiction. On appeal, the Petitioners argue that: (1) their Notice to Appear ("NTA") was insufficient to vest jurisdiction with the immigration court due to its failure to list a time, date, and place to appear; (2) the immigration judge ("IJ") violated their due process rights when it precluded Serrano from pursuing her own asylum application -- with Ortiz as a rider -- in an independent hearing, and when it failed to give Serrano additional time to obtain documents in support of their application after learning that Serrano's uncle had died, and the record does not contain the transcripts of previous master hearings or Serrano's credible fear hearing transcript, which support that her own claims were not properly considered; and (3) the IJ erred in denying their application for asylum and withholding of removal in finding no past persecution despite the daily threats with a deadly weapon and extortion they suffered, and in finding that their particularized social group was not cognizable. After careful review, we dismiss the petition in part and deny it in part.

We review our subject-matter jurisdiction de novo. See Gonzalez-Oropeza v. U.S. Att'y Gen., 321 F.3d 1331, 1332 (11th Cir. 2003). We review questions of statutory interpretation and other issues of law de novo. De Sandoval v. U.S. Att'y Gen., 440 F.3d 1276, 1278 (11th Cir. 2006). A factual determination by the BIA that an alien is statutorily ineligible for asylum or withholding of removal is

reviewed under the substantial evidence test. Najjar v. Ashcroft, 257 F.3d 1262, 1283 (11th Cir. 2001). This means that the reviewing court must affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole. Id. at 1284. Insofar as the BIA adopts the IJ's reasoning, we will review the IJ's decision as well. Id. We lack jurisdiction to consider a claim raised in a petition for review unless the petitioner has exhausted his administrative remedies with respect thereto. See 8 U.S.C. § 1252(d)(1); see also Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1251 (11th Cir. 2006).

First, we find no merit to the Petitioners' claim that the immigration court lacked jurisdiction over their proceedings because their NTA was insufficient. Under BIA regulations, "[j]urisdiction vests, and proceedings before an Immigration Judge commence, when a charging document is filed with the Immigration Court." 8 C.F.R. § 1003.14(a). The United States Code provides, in a section entitled "[i]nitiation of removal proceedings," that written notice for removal proceedings under § 1229a shall be given in person to the alien specifying the time and place at which the proceedings will be held. 8 U.S.C. § 1229(a)(1).

The Supreme Court's decision in Pereira v. Sessions -- which addressed an NTA in the context of 8 U.S.C. § 1229(a) -- held that an NTA that fails to specify the time and place of the removal hearing is defective. 138 S. Ct. 2105 (2018). We've held, however, that even when an NTA was "unquestionably deficient" for

3

failing to specify the time and date of the removal hearing, service requirements "are generally nonjurisdictional matters of procedure." Perez-Sanchez v. U.S. Att'y Gen., 935 F.3d 1148, 1153, 1156 (11th Cir. 2019) (citing Henderson v. United States, 517 U.S. 654, 656 (1996). We thus held that 8 U.S.C. § 1229(a) and 8 C.F.R. § 1003.14(a) are not jurisdictional rules, but claim-processing ones. Id. at 1150.

A claim-processing rule is a rule that seeks to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times. Henderson v. Shinseki, 562 U.S. 428, 435 (2011). A claim-processing rule is mandatory to the extent a court must enforce the rule if a party properly raises it. Fort Bend Cty. Tx. v. Davis, 139 S. Ct. 1843, 1849 (2019). But an objection based on a mandatory claim-processing rule may be forfeited if the party asserting the rule waits too long to raise the point. Id. (citing Eberhart v. United States, 546 U.S. 12, 19 (2005) (holding that, where the government failed to raise a defense to a claim-processing rule of untimeliness until after the district court had reached the merits, it forfeited that defense)).

As the record before us reveals, the Petitioners' NTAs -- which lacked the time and date of the removal proceedings -- were deficient. See Pereira, 138 S. Ct. at 2116. These failures, however, did not divest jurisdiction from the immigration court, since both 8 U.S.C. § 1299(a) and 8 C.F.R. § 1003.14(a) are claim-processing rules that do not confer jurisdiction. See Perez-Sanchez, 935 F.3d at 1150, 1155-56.

4

As for the Petitioners' argument that jurisdiction vests only upon compliance with 8 C.F.R. § 1003.14, we've previously rejected this argument, holding that, as an agency regulation, § 1003.14 cannot define and confer jurisdiction. See id. at 1155.

Moreover, the Petitioners failed to timely raise issue with the non-compliant NTA because they did not mention any deficiencies before the IJ. As a result, the Petitioners have forfeited any objection based on the claim-processing rule and their NTAs. See Fort Bend Cty., 139 S. Ct. at 1849; cf. Eberhart, 546 U.S. at 19. For these reasons, the BIA did not err in holding that the IJ had jurisdiction over the Petitioners' removal hearing, and we deny the petition as to this issue.

Next, we lack jurisdiction over the Petitioners' claims that they were denied a full and fair opportunity to present their case before the IJ and that the record on appeal was incomplete. We've held that, while some due process claims do not require exhaustion, where the claim is within the purview of the BIA, which can provide a remedy, the exhaustion requirement applies with full force. Sundar v. I.N.S., 328 F.3d 1320, 1325 (11th Cir. 2003). A petitioner has not exhausted a claim unless he has both raised the "core issue" before the BIA, and also set out any discrete arguments he relies on in support of that claim. Jeune v. U.S. Att'y Gen., 810 F.3d 792, 800 (11th Cir. 2016).

Here, the Petitioners failed to raise to the BIA the issues of whether they were denied a full and fair opportunity to present their case before the IJ and whether the

5

record on appeal was incomplete. However, the BIA had the authority to provide a remedy to the two issues, by remanding the case for further proceedings or adding to the record. Because the BIA had the authority to provide a remedy to the two issues but did not have the opportunity to consider them due to the Petitioners' failure to brief the issue on appeal to the BIA, the Petitioners failed to exhaust their administrative remedies. See Sundar, 328 F.3d at 1325. Accordingly, we dismiss this portion of their petitions for lack of jurisdiction. See 8 U.S.C. § 1252(d)(1); see also Amaya-Artunduaga, 463 F.3d at 1251.

Finally, the Petitioners have waived any challenge to the denial of their asylum and withholding of removal application by not challenging the IJ's adverse-credibility determination. The testimony of an applicant, if credible, may be sufficient to sustain the burden of proof without corroboration. 8 U.S.C. § 1231(b)(3)(C); 8 C.F.R. § 1208.16(b). An adverse credibility finding must be supported by specific, cogent reasons. Li Shan Chen v. U.S. Att'y Gen., 672 F.3d 961, 964 (11th Cir. 2011). Indications of reliable testimony include consistency on direct examination, consistency with the written application, and the absence of embellishments. Id. An adverse credibility finding, however, may be sufficient to support the denial of an asylum application, but only when the applicant produces no evidence except for his testimony. Mohammed v. U.S. Att'y Gen., 547 F.3d 1340, 1352 (11th Cir. 2008). If an applicant produces additional evidence, the BIA

6

must consider that evidence; the weaker an applicant's testimony the greater the need for corroborative evidence.  Lin Shan Chen, 672 F.3d at 964.

A party seeking to raise a claim or issue on appeal must plainly and prominently so indicate; otherwise, the issue -- even if properly preserved below -- will be considered abandoned.  United States v. Jernigan, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003).  Our requirement that those claims an appellant wishes to have considered on appeal be unambiguously demarcated stems from the obvious need to avoid confusion as to the issues that are in play and those that are not.  Id.  If an argument is not fully briefed (let alone not presented at all) to this Court, evaluating its merits would be improper both because the appellants may control the issues they raise on appeal, and because the appellee would have no opportunity to respond to it.  Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1330 (11th Cir. 2004).  Indeed, evaluating an issue on the merits that has not been raised in the initial brief would undermine the very adversarial nature of the appellate system.  Id.

To obtain reversal of a judgment that is based on multiple, independent grounds, an appellant must prove that every stated ground for the judgment against him is incorrect.  Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 680 (11th Cir. 2014).  When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have

abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed.  Id.

In denying the Petitioners asylum and withholding-of-removal relief, the BIA said that it was upholding the IJ's decision based on several independent grounds: (1) the IJ's "adverse credibility finding" as to Serrano's son and the lack of other corroborating evidence in support of their claims; and (2) the IJ's "alternative determination that the [Petitioners] did not meet their burden of proof for asylum," which included the IJ's rulings on the Petitioners' past persecution and particularized social group.  See Mohammed, 547 F.3d at 1352; Li Shan Chen, 672 F.3d at 964. However, in their brief to this Court, the Petitioners failed to challenge the adverse-credibility determination made by the IJ and affirmed by the BIA.  Instead, the Petitioners present to us only arguments about the IJ's past-persecution and particularized-social-group determinations.  Because the Petitioners failed to provide argument concerning all of the agency's independent grounds for denying their application, and because they must prove that each independent ground for judgment is incorrect, they have abandoned their challenge to the denial of their application. See Sapuppo, 739 F.3d at 680.  Accordingly, we affirm as to this portion of their petition.

**PETITION DENIED AS TO ISSUES I AND III; DISMISSED AS TO ISSUE II.**

8